**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| Catherine Greene,                              ) | Civil Action No. 8:04-22815-RBH |
| )  | |
| Plaintiff,          ) | |
| ) | |
| v.                                                        ) | |
| ) | **O R D E R** |
| Jo Anne B. Barnhart,                          ) | |
| ) | |
| Defendant.     ) | |
| _____) | |

The plaintiff, Catherine Greene, brought this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F.Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not

follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

In this case, the *pro se* plaintiff applied for the aforementioned benefits on March 4, 2002, alleging disability as of December 6, 2001. The plaintiff's claim was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on May 5, 2004. Following the hearing, at which the plaintiff and her counsel appeared, the ALJ considered the case *de novo*, and on July 20, 2004, determined that the plaintiff was not entitled to benefits. This determination became the final decision of the Commissioner when it was adopted by the Appeals Council on October 1, 2004. The plaintiff then filed this action in the United States District Court for judicial review and is proceeding *pro se*.

The ALJ made the following findings in this case:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
3. The claimant's osteoarthritis and hypothyroidism are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. I find the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to perform work that does not require lifting or carrying in excess of 50 pounds occasionally or 25 pounds frequently; sitting, standing or walking in excess of 6 hours each in combination for an 8 hour day; any climbing of ladders, ropes, or scaffolds; or more than frequent balancing, stooping, kneeling, crouching, crawling, or climbing of stairs and ramps.

7. The claimant's past relevant work as cafeteria worker did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 404.1565).

8. The claimant's medically determinable osteoarthritis and hypothyroidism do not prevent the claimant from performing her past relevant work.

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (20 CFR §404.1520(f)).

## Facts

A review of the record indicates that the plaintiff was fifty-eight (58) years old as of the date of the hearing. Plaintiff has an tenth-grade education and has past relevant work experience as a school cafeteria worker. In her original application, the plaintiff alleged an on-set date of disability of December 6, 2001, however, at the hearing the plaintiff acknowledged that she continued working after that date and her attorney amended the alleged on-set date of disability on the record to November 10, 2003.

The plaintiff has a history of breast cancer which was diagnosed in November 2001, and successfully treated with lumpectomy, chemotherapy and radiation in 2002. She also has a history of hypertension, which was, as characterized by her physicians, controlled with medication. In addition, plaintiff has a history of obesity and was treated for complaints of cramping in her thighs, pedal edema, diabetes, an asymptomatic enlarged heart and lymphadenopathy of the left arm following her cancer surgery. The plaintiff also had a history of osteoarthritis and low back pain.

**Appeal from the Commissioner's Decision**

Pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., this action was referred to United States Magistrate Judge Bruce H. Hendricks. On January 11, 2006, Magistrate Judge Hendricks filed a Report and Recommendation ("Report") which recommends to this court that the decision of the Commissioner be affirmed. The plaintiff filed objections to the Report.

In conducting its review of the Magistrate Judge's Report, this court applies the following standard:

> The Magistrate Judge makes only a recommendation to the court, to which any party may file written objections . . . . The court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. The court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the court's review of the report thus depends on whether or not objections have been filed, in either case, the court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

The plaintiff's objections are as follows:

**ADA, ERISA, and the Equal Protection and Due Process Clauses**

In her objections, the plaintiff repeats some of the same arguments she made in her initial brief, including her arguments relating to the Americans with Disabilities Act, the Employee Retirement Income Act, and the Equal Protection and Due Process clauses of the Fourteenth Amendment of the United States Constitution. This court concurs with the Magistrate Judge's conclusion in the Report that these arguments are not relevant to the plaintiff's current action appealing the denial of her Social

Security claim for benefits.

### Medical Evaluations of Drs. Browning and Skinner

In her objections, the plaintiff also repeats some of the arguments she made in her initial brief relating to the opinions of Drs. Browning and Skinner. This court notes that the Magistrate Judge thoroughly discussed those arguments in the Report. Likewise, in the objections, the plaintiff makes no specific objection to the Magistrate Judge's analysis of those issues. This court is able to discern from the plaintiff's objections that she requests the court to reexamine the ALJ's decision in dismissing the medical evaluations of Drs. Browning and Skinner. The court finds that the Magistrate Judge has adequately addressed this issue. The court notes that, pursuant to 42 U.S.C. § 405(g), it cannot conduct a *de novo* review and must uphold the Commissioner's decision even if the court should disagree with the decision as long as it is supported by "substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972).

### Work History

It appears that the plaintiff also argues in her objections that the ALJ erred in considering her work history and the fact that she worked with the same long standing impairments that she alleges are disabling. Specifically, the plaintiff states that "[t]he administrative law judge essentially believed that plaintiff 'waived' her claims when she worked during her disability. This is the core administrative action which plaintiff contends should be subject to judicial review." However, it must be noted that a claimant cannot claim an impairment as disabling after working with it over a period of years, without demonstrating significant deterioration. See Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990). This courts finds that it was proper for the ALJ to consider the fact that the plaintiff worked with long standing impairments. The court points out, as did the Magistrate Judge in the Report, that most of the

5

symptoms the plaintiff complains of existed prior to her alleged on-set date, when she was still working.

### Diabetes and Osteoarthritis

In the objections, the plaintiff also contends that her diabetes and osteoarthritis were not given sufficient weight by the ALJ. Specifically, the plaintiff states that she "falls within a class of individuals with diabetes and osteoarthritis, who are legally disabled . . . ." The plaintiff further states that "these medical conditions exist on the basis of reality despite the omission of the medical records . . . ."

The court finds that the medical evidence in this case shows that the plaintiff's diabetes was treated with oral medication and did not cause any documented complications or require any hospitalization. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (a condition is not disabling when it can be reasonably controlled by medicine or treatment). Likewise, the medical evidence also reveals that the plaintiff's osteoarthritis in her back was characterized as "mild" (Tr. 142, 153, 189-91, 196), and her knees were essentially normal (Tr. 189-91). Plaintiff also maintained normal reflexes, good motor strength, and good coordination (Tr. 268, 280, 281-84, 287-88). See Craig v. Chater, 76 F.3d 585, 591-96 (4th Cir. 1996) (objective medical evidence supported a conclusion that plaintiff was not disabled).

### Residual Functional Capacity

The plaintiff also contends in her objections that her residual functional capacity precludes her from performing her past work as a cafeteria worker. The plaintiff's residual functional capacity was for a limited range of medium work, and included a restriction to no more than "frequent" stooping, kneeling, crouching and climbing ramps or stairs (Tr. 22-23). As the Magistrate Judge notes in the Report, this residual functional capacity was supported by the findings of the State Agency physician.

This court finds that the plaintiff's argument that she could not perform her past work because

that work required some stooping, kneeling, crouching, and climbing is without merit because the ALJ did not completely preclude the plaintiff from performing those activities. The ALJ merely indicated that she could perform those activities on a frequent, rather than constant, basis. Likewise, the United States Department of Labor's Dictionary of Occupational Titles ("DOT") confirms that the plaintiff's past work as a cafeteria worker requires only occasional stooping, no kneeling, occasional crouching, and no climbing. See DOT # 313.381.030, Cook, School Cafeteria. Therefore, contrary to the plaintiff's objection, the court finds the plaintiff's past work as a school cafeteria worker is not beyond the scope of her residual functional capacity.

## Conclusion

On the record before it, this court must overrule all of the plaintiff's objections. After carefully reviewing the record in this matter, the applicable law, and the position of the parties, the court affirms the Commissioner's decision, finding that it is supported by substantial evidence.

For the foregoing reasons, all objections are overruled, the Report and Recommendation of the Magistrate Judge is incorporated herein, and the decision of the Commissioner is hereby **AFFIRMED**.

**IT IS SO ORDERED**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 29, 2006
Florence, South Carolina